1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

| | | |
|---|---|---|
| OTIS MICHAEL THOMAS, | ) | No. C 06-2802 MMC (PR) |
| Plaintiff, | ) | |
| v. | ) | **ORDER OF DISMISSAL** |
| A. MEDEN, T. VARIZ, | ) | |
| Defendants. | ) | |
| _____ | ) | |

11
12
13
14
15
16      On April 25, 2006, plaintiff, a California prisoner incarcerated at Salinas Valley State

17 Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights complaint under 42

18 U.S.C. § 1983.  Plaintiff alleges that A. Meden ("Meden"), an SVSP official, denied his

19 request to place a telephone call to his mother, and that another SVSP official, T. Variz

20 ("Variz"), did not properly process his administrative appeals regarding Meden's actions.  By

21 separate order filed concurrently herewith, plaintiff has been granted leave to proceed in

22 forma pauperis.

23                                    **DISCUSSION**

24      Where a plaintiff seeks to proceed in forma pauperis, the district court must dismiss

25 the case if it determines the complaint "fails to state a claim on which relief may be granted."

26 See 28 U.S.C. § 1915(e)(2)(B)(ii).  Pro se pleadings must, however, be liberally construed.

27 See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

28      To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a

**United States District Court**
For the Northern District of California

1  right secured by the Constitution or laws of the United States was violated and (2) that the

2  alleged violation was committed by a person acting "under color of state law."  See West v.

3  Atkins, 487 U.S. 42, 48 (1988).

4          Plaintiff alleges that on October 5, 2005, he asked an SVSP guard if he could call his

5  mother.  The guard relayed this request to Meden, who responded that plaintiff had to place

6  the request with the prison Chaplain.  Plaintiff claims that Meden thereby "deprived

7  [plaintiff] of talking to [his] mother," and that this constituted cruel and unusual punishment.

8  As alleged, Meden did not deny plaintiff's request for a phone call, but rather referred

9  plaintiff to the proper channels for placing the call.  Even liberally construing the complaint

10  as stating plaintiff's request was refused altogether, such conduct does not rise to the level of

11  an Eighth Amendment violation.  With respect to convicted prisoners, a total denial of

12  telephone access does not violate the Eighth Amendment's proscription against cruel and

13  unusual punishment.  Toussaint v. McCarthy, 597 F. Supp. 1388, 1413 (N.D. Cal. 1984),

14  aff'd in part, rev'd in part on other grounds, 801 F.2d 1080 (9th Cir. 1986) (holding denial of

15  telephone access does not violate Eighth Amendment).  Consequently, plaintiff's allegations

16  as to the denial of his request to make a telephone call do not state a claim upon which relief

17  can be granted under § 1983.

18          Similarly, a failure to properly process administrative appeals does not constitute a

19  violation of a prisoner's constitutional rights.  There is no constitutional right to a prison

20  administrative appeal or grievance system.  See Ramirez v. Galaza, 334 F.3d 850, 860 (9th

21  Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); see also Wolff v. McDonnell,

22  418 U.S. 539, 565 (1974) (noting, without criticism, Nebraska system contained no provision

23  for administrative review of disciplinary decisions).  As plaintiff has no constitutional right in

24  the first instance to file administrative appeals, defendant Variz's alleged failure to process

25  plaintiff's appeals does not rise to the level of a constitutional violation.  Consequently,

26  plaintiff's allegations as to the processing of his administrative appeals do not state a claim

27  upon which relief may be granted under § 1983.

28

2

1

**CONCLUSION**

2      For the foregoing reasons, plaintiff's complaint is hereby DISMISSED for failure to

3 state a claim upon which relief may be granted.

4      The Clerk shall close the file.

5      IT IS SO ORDERED.

6 DATED: June 19, 2006

7                                    MAXINE M. CHESNEY
                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28